ABDUL HAYE, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 537, 2009.
Supreme Court of Delaware.
Submitted: January 8, 2010.
Decided: March 17, 2010.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
RANDY J. HOLLAND, Justice.
This 17th day of March 2010, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:
(1) The appellant, Abdul Haye, filed this appeal from the Superior Court's order, dated August 12, 2009, which granted, only in part, Haye's motion for modification of sentence. After careful consideration, we find that the Superior Court erred in failing to amend Haye's sentence in order to reflect the effective date of his sentence as September 23, 2008. Therefore, we reverse the Superior Court's judgment and remand for a correction of the effective date of Haye's sentence.
(2) The record reflects that Haye was arrested on trafficking charges on January 11, 2007. On April 11, 2007, he was sentenced on an unrelated criminal charge to four months at Level V incarceration. On June 26, 2007, the Superior Court sentenced Haye on the trafficking charge to three years and six months at Level V incarceration, to be suspended upon Haye's successful completion of Boot Camp. Haye was ordered to remain at Level V pending space availability in Boot Camp. On October 9, 2007, Haye was transferred to Boot Camp. He committed a violation of Boot Camp Aftercare and was arrested for that violation on September 23, 2008. On November 14, 2008, the Superior Court sentenced Haye for trafficking to three years and six months at Level V incarceration, to be suspended after serving two years at Level V for eighteen months at Level III probation.
(3) In March 2009, Haye filed a motion for credit for time served. The Superior Court granted the motion and credited Haye for 90 days he served on the trafficking charge from the time of his arrest in January 2007 until the time of his April 2007 sentencing on the unrelated charge. In July 2009, Haye filed a motion for additional credit time and for a correction of the effective date of his sentence. On August 12, 2009, the Superior Court granted Haye's motion for additional credit time and awarded him an additional 68 days of credit for the time he was held at Level V awaiting space in the Boot Camp program. The trial court, however, did not correct the effective date of Haye's sentence.
(4) On appeal, Haye contends that the Superior Court's failure to amend the effective date of his sentence was in error because he was arrested and incarcerated on the Boot Camp Aftercare violation on September 23, 2008. Accordingly, Haye argues that the effective date reflected in the Superior Court's sentencing order of November 14, 2008, which was the actual date of sentencing, is not correct. The State does not dispute that Haye was incarcerated on the Boot Camp violation on September 23, 2008 and that he was serving no other sentence during the period he was held from September 23, 2008 until his November 14, 2008 sentencing on the violation. Accordingly, the State concedes that the effective date of Haye's sentence should be September 23, 2008 and not November 14, 2008. We agree.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is REVERSED. This matter is REMANDED to the Superior Court to correct Haye's sentence to reflect an effective date of September 23, 2008. Jurisdiction is not retained.